**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ASJAD AHMED, Individually and On Behalf of All Others Similarly Situated,** | § § § § | |
| ***Plaintiff,*** | § § | |
| **v.** | § § | **CIVIL ACTION NO.: 17-1833** |
| **DATA RUSH LOGISTICS INC., d/b/a DATA RUSH COURIERS S.A.** | § § § | **JURY DEMANDED** |
| ***Defendant.*** | § § § § § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

ASJAD AHMED ("Plaintiff"), individually and behalf of all others similarly situated, file this lawsuit as a collective action against DATA RUSH LOGISTICS INC., d/b/a DATA RUSH COURIERS, S.A. ("Defendant" or "Data Rush") to recover unpaid overtime wages, lost wages, liquidated damages, and attorney's fees, and for cause of action would show the following:

### I.    NATURE OF CLAIMS

1.      This is a collective action filed under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") to correct unlawful employment practices, including Defendant's failure to abide by wage and hour laws.  This collective action seeks to recover unpaid wages and other damages owed by Defendant to its current and former Data Rush drivers.  Defendant has misclassified Plaintiff and others similarly situated as independent contractors and failed to pay Plaintiff and

others similarly situated minimum wage in violation of the FLSA.

## II. JURISDICTION AND VENUE

2.  This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.  Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because Defendant and Plaintiff(s) transacted business within this judicial district and a substantial part of the events or omissions giving rise to this Complaint occurred in this district. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and their work was essential to the Defendants' business. Specifically, Plaintiff traveled on interstate highways in the performance of their duties and used interstate communications.

## III. THE PARTIES

1.  Plaintiff is an individual residing in Hays County, Texas. Plaintiff is a former employee of Defendant. Plaintiff brings his federal overtime claims on his own behalf and on behalf of all others similarly situated to file with this Court their consent to sue.

2.  DATA RUSH LOGISTICS INC., d/b/a DATA RUSH COURIERS, S.A. is a Domestic For-Profit Corporation that is headquartered Houston, TX and may be served with process

through its registered agent, William A. Frost, at its registered office at 1130 Silber Rd., Houston, TX 77055.

## IV.  FACTS

3.      At all times relevant to this lawsuit, Defendant was, and remains, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203, and is subject to the FLSA.

4.      Defendant, Data Rush Couriers is a Domestic For-Profit Corporation that is headquartered Houston, TX. Defendant provides courier and delivery services with operations in Austin, San Antonio and Houston. Defendant's annual revenues far exceeded $500,000 in each of the last five years.

5.      Defendant, individually and jointly, employed Plaintiff and other similarly situated employee's at all relevant times within the meaning of the FLSA. 29 U.S.C. § 203(g).

6.      In performing his duties for Defendant, Plaintiff and others similarly situated were employed in an enterprise engaged in commerce or in the production of goods for commerce. Specifically, Defendant has employees utilizing interstate telephone and broadband communications, and credit card services for the commercial purposes of Defendant's enterprise. Moreover, Defendant required that Plaintiff regularly travel through the corridors of interstate commerce as they traveled from customer to customer to make and pick up deliveries.

7.      Plaintiff and other similarly situated employees were employed as *drivers*. Their primarily duties included, but were not limited to, picking up and delivering items to destinations as a service to customers. Plaintiff and other similarly situated are misclassified as independent contractors though Defendant controls nearly all aspects of the drivers work. Defendant instructs drivers on where to pick up orders and make deliveries. Defendant schedules drivers for shifts

and schedules drivers to work in a certain areas of cities for which Plaintiff and other similarly situated employees are available. Defendant regulates how drivers handle each delivery and/or pick up and the timeliness of said deliveries and/or delivery pick ups. Defendant requires drivers to be on call awaiting information on pickups and deliveries. Defendant assigned tasks and routes to drivers in accordance with its delivery or pick up needs. Although classified as independent contractors, Defendant delivery drivers are employees of Defendant.

8.      As a matter of economic reality, Defendant is in the business of delivering and picking up goods in service to its customers—the very task that drivers are hired to perform.  The work performed by drivers is integral to Defendant's business in that Defendant could not function without its drivers.

9.      Plaintiff and other similarly situated employees do not have or require any formal training, do not interview employees, are not in charge of the hiring and firing of employees, do not set or adjust employees' rate of pay and are not engaged in office and/or non-manual work.

10.     Plaintiff regularly worked many hours in excess of forty (40) hours per week for Defendant. Upon information and belief, other similarly situated employees also customarily and regularly worked many hours in excess of forty (40) hours per week and were paid in a fashion similar to Plaintiff.

11.     The work performed by Plaintiff and other similarly situated employees was within Defendants knowledge and control. Defendants set Plaintiff and similarly situated employee's schedules, assigned work, and supervised their work.

12.     Defendant required Plaintiff and similarly situated employees to record their time daily. However, Plaintiff and others similarly situated was not paid hourly. Instead, Plaintiff and similarly situated employees would deliver or pick up items and Defendant's customers were

invoiced for the deliveries/pick ups. Plaintiff and similarly situated employees were then promised a percentage of the amount invoiced to the customer. Plaintiff was promised fifty eight percent (58%) of all amounts that were invoiced to customers.

13.     Plaintiff and others similarly situated were not paid 58% of the amounts invoiced to customers as promised. Plaintiff was not shown the amounts invoiced and often the amount paid to Plaintiff fell well below the federal minimum hourly wage.

14.     Plaintiff and others similarly situation were instead paid according to the route and/or mileage incurred, which again fell well below the federal minimum hourly wage.

15.     Plaintiff and other similarly situated employees were entitled to overtime at one-and-one-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek. Defendants did not pay Plaintiff and similarly situated employees one and one half times their regular rates of pay for hours worked in excess of forty (40) per week.

16.     Defendants manipulated payroll records to make it appear that Plaintiff and similarly situated employees were properly paid. However, Plaintiff and others similarly situated were actually paid by the route and/or by mileage. Additionally, Defendants failed to accurately record and report the hourly pay rates on their payroll records and refused to provide documentation on wages when it was requested by Plaintiff.

17.     Plaintiff knows other *working* drivers who were paid in the same way that he was paid – by the route and/or by mileage.

18.     Defendant also does not compensate drivers for the expenses associated with using their own vehicles, cell phone data, car insurance (though a requirement of employment if you use a car to make deliveries), gas, parking, and other expenses. Defendant also required Plaintiff and others similarly situated to purchase a company uniform and to pay for company software on a

weekly basis.

19.     Defendants' manipulation of time and payroll records violates the FLSA's record-keeping requirements, 29 U.S.C. § 211 and demonstrates Defendant's willful and intentional conduct designed to evade the requirements of the FLSA.

## V.     FIRST CAUSE OF ACTION: OVERTIME VIOLATIONS

20.     Plaintiff reassert and incorporate by reference all of the above numbered paragraphs.

21.     Plaintiff and other similarly situated employees were engaged in nonexempt manual labor, as set forth above.

22.     As non-exempt employees, Plaintiff and other similarly situated employees were legally entitled to be paid at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

23.     Defendants failed to pay Plaintiff and other similarly situated employees at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek in violation of the FLSA 29 U.S.C. § 207.

24.     As a result, Plaintiff and other similarly situated employees did not receive the compensation they were legally entitled to receive.

25.     Defendant's violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiff' and other similarly situated employees' rights.

26.     As a result of Defendants willful violations of the FLSA, Plaintiff and other similarly situated employees are entitled to reimbursement of unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## VI.  SECOND CAUSE OF ACTION: FAILURE TO MAINTAIN ACCURATE RECORDS

27.     Plaintiff reassert and incorporate by reference all of the above numbered paragraphs.

28.     The FLSA requires employers to keep accurate records of hours worked by nonexempt employees.  29 U.S.C. §211(c); 29 C.F.R. pt 516.

29.     In addition to the pay violations of the FLSA described above, Defendant also failed to keep proper time records as required by the FLSA.

## VII.  COLLECTIVE ACTION ALLEGATIONS

30.     Plaintiff reassert and incorporate by reference all of the above numbered paragraphs.

31.     Upon information and belief, many other similarly situated employees employed by Defendant over the last three (3) years have been victimized by Defendant's violations of the FLSA.

32.     As set forth above, Plaintiff is aware of other employees who perform similar work for Defendant.

33.     These employees should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216 (b).  The class is properly identified as:

> All persons who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at any business that was owned, operated, and/or acquired by Defendant, who were not paid overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) per week.

34.     Defendant's practice of not paying employees similarly situated to Plaintiff at one-and-one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per each seven (7) day workweek is in direct violation of the FLSA.

35.     As a result of Defendant's willful violations of the FLSA, the similarly situated employees are entitled to reimbursement of unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this

action pursuant to 29 U.S.C. § 216(b).

## VIII.    JURY DEMAND

36.    Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff has submitted the

jury demand and herein submit the jury fee.

## IX.    PRAYER

37.    For the reasons set forth above, Plaintiff respectfully pray that the Defendant be cited to

appear and answer herein, and for the following relief:

    a.    that the Court enter an order allowing this action to proceed as a collective action
under the FLSA and directing notice to any and all similarly situated employees;

    b.    judgment awarding Plaintiff and similarly situated employees all unpaid overtime
wages, lost wages, liquidated damages, attorneys' fees and costs under the FLSA;

    c.    an award of pre-judgment and post-judgment interest on all amounts awarded at the
highest rate allowable by law; and

    d.    all such other and further relief to which Plaintiff and similarly situated employees
may show themselves to be justly entitled.

Respectfully Submitted,



By: _____
Alfonso Kennard, Jr.
Texas State Bar No. 24036888
Federal ID No. 713316
Attorney-In-Charge
Email Alfonso.Kennard@KennardLaw.com
Keenya  R. Harrold
State Bar No. 24039664
Federal ID No. 897938
Email: keenya.harrold@kennardlaw.com
2603 Augusta Drive, 1450
Houston Texas 77057
Main: 713.742.0900
Fax: 713.742.0951
**ATTORNEYS FOR PLAINTIFF**