UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AHMED ASJAD, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-17-1833 |
| § | |
| DATA RUSH LOGISTICS INC., § | |
| § | |
| *Defendant*. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Data Rush Logistics Inc.'s ("DRL") motion for summary judgment. Dkt. 14. Plaintiff Ahmed Asjad responded. Dkt. 16. DRL replied. Dkt. 17. Having considered the motion, response, reply, record evidence, and applicable law, the court is of the opinion that the motion should be DENIED.

**I. BACKGROUND**

This is a Fair Labor Standards Act ("FLSA") Case. Asjad brings this collective action against DRL to recover unpaid overtime wages, lost wages, liquidated damages, and attorney's fees. Dkt. 1 at 1.

Asjad alleges DRL hired him on May 27, 2015 to work as a courier. Dkt. 16-1 at 2. Originally, he "thought the position was for an independent contractor." *Id.* On May 26, 2015, Asjad signed an agreement titled "Independent Contractor Agreement" (the "Agreement") with Data Rush Couriers. Dkt. 14-1 at 16. A "Data Rush" representative also signed it. *Id.* Under the Agreement, Asjad would receive a commission of fifty-eight percent of the net receipts for deliveries he completed. *Id.* at 2, 6.

Although Asjad first thought that he "could dictate how and when [he] worked, [he] soon realized that [he] was an employee of Data Rush Logistic [sic] and was treated as such." Dkt. 16-1 at 2. According to Asjad, DRL: (1) told him which routes to take, how many to drive, and the order in which to complete them; (2) made him wait at its warehouse until he received an assignment; (3) made him buy and wear a company shirt; and (4) made him lease Android software. *Id.* at 2–3. If Asjad did not comply with those requirements, DRL could discipline or terminate him. *Id*.

Asjad alleges he worked ten to twelve hours per day, seven days per week performing nonexempt manual labor for DRL. Dkt. 1 at 6. He also alleges he worked fourteen to twenty-eight hours of overtime per week. Dkt. 16-1 at 2–3.

Asjad alleges that DRL paid him by the route or mileage instead of the agreed upon commission. *Id*. at 5. He alleges that DRL: (1) did not pay him at the proper rate for his overtime work; (2) manipulated its payroll records to make it appear that he was properly paid, but actually paid him by his routes or mileage; and (3) failed to accurately record and report hourly pay rates. *Id*. at 7.

DRL asserts it did not employ Asjad to provide courier service because it only provides those services through a different corporate entity, Xpedite Logistics. Dkt. 14 at 2. Additionally, it asserts that Xpedite only provides those services in San Antonio and Austin. *Id*. According to DRL, it has never done business in Houston and has never employed Asjad. *Id*.

Elaine Wooster, the "Lead Driver" for DRL in Austin, and Elmus Rogers, the "Lead Driver" for DRL in San Antonio, state in their affidavits that "DRL makes deliveries only in Austin and San Antonio, Texas (not Houston, Texas)." Dkt. 14-2, 14-3. They also state that "no one named Asjad Ahmed ever performed any deliveries for DRL in" their respective cities. *Id*.

William Frost, DRL's registered agent, states that DRL "has never done business as Data Rush Couriers, S.A. (DRL only does business as Xpedite Logistics' [sic] in Austin and San Antonio, Texas, not Houston)." Dkt. 14-1 at 1. He further states that "the Independent Contract signed by Asjad Ahmed did not create a relationship with DRL." *Id*.

Asjad attached his own affidavit. Dkt. 16-1. He states he worked in various cities, "including but not limited to San Antonio, Austin, College Station, Tomball, Katy, and different locations in [the] Houston Metropolitan area." Dkt. 16-2 at 1, 8–9, 35, 51.

DRL now moves for summary judgment on Asjad's claim. Dkt. 14.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall.*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

DRL argues that it is entitled to summary judgment because Asjad cannot show two essential elements of his FLSA claim. Dkt. 14 at 2. First, it argues that Asjad cannot show that DRL was his

employer under the FLSA. *Id.* Second, it argues that he cannot show that he was an employee of DRL under the FLSA. *Id.*

Genuine issues of material fact preclude summary judgment. Both DRL and Asjad rely primarily on affidavits to support their arguments on the issue of their relationship. Dkt. 14-1, 14-2, 14-3, 16-1. Because their affidavits conflict, a genuine issue of material fact precludes summary judgment. *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 245 (5th Cir. 2016) (explaining that when a motion for summary judgment is premised almost entirely on the basis of depositions, declarations, and affidavits, a court must resist the urge to resolve the dispute).

In *Heinsohn*, the parties' affidavits conflicted as to whether the plaintiff ensured all her work was up to date before she went on maternity leave. *Id.* at 244. Because this fact was material in determining whether the defendant had cause to fire her during her leave, the court determined a genuine issue of material fact precluded summary judgment. *Id.* At 245.

Here, DRL and Asjad's affidavits differ as to whether DRL employed Asjad and whether he delivered on DRL's behalf. Dkt. 14-1, 14-2, 14-3, 16-1. Although DRL offers evidence by attaching the Agreement, it relies on Frost's affidavit to establish that it does not do business as Data Rush Couriers, S.A. Dkt. 14-1 at 1. Asjad's affidavit contests this. Dkt. 16-1 at 2. Additionally, the Agreement contains facts that could be viewed to support Asjad's affidavit.[1] For these reasons the court finds there are genuine issues of material fact regarding whether under the FLSA: (1) DRL counts as Asjad's employer and (2) Asjad is DRL's employee. Accordingly, the instant motion is DENIED.

---

[1] It is undisputed that DRL's registered agent, Frost, could be served at 1130 Silber Road, Houston, Texas 77055. Dkt. 1 at 3l; Dkt. 14-1 (Frost states that he is DRL's registered agent). The Agreement lists Data Rush Couriers's address as that same Silber Road address. Dkt. 14-1 at 2.

## IV. Conclusion

DRL's motion for summary judgment (Dkt. 14) is DENIED.

Signed at Houston, Texas on July 24, 2018.

_____
Gray H. Miller
United States District Judge